FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

JUN 0 6 2007

Stephan Harris, Clerk
Cheyenne

GLENN E. SMITH
GLENN E. SMITH & ASSOCIATES
10108 Barrett Road
Cheyenne, WY 82009
Telephone: (307) 635-4912
Telefacsimile: (307) 635-8738

JESSICA RUTZICK
JESSICA RUTZICK, ATTORNEY AT LAW, P.C.
Post Office Box 4114
Jackson, WY 83001
Telephone: (307) 733-8140
Facsimile: (307) 733-8139

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| RAYMOND E. LAWSON, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL NO. 07 CV 124 - B |
| vs. ) | |
| ) | |
| WINHEALTH PARTNERS, a ) | |
| Wyoming non-profit corporation, ) | |
| ) | |
| Defendant. ) | |

### COMPLAINT

Plaintiff, by and through his attorneys of record, and for his claims for relief against the Defendant named above, alleges and states as follows:

### PARTIES TO THE ACTION

1. Plaintiff is a resident of Hillsdale, Wyoming and at times relevant hereto was eligible for health insurance coverage under the WINHealth Partners health insurance plan.

2. Defendant WINHealth Partners is a health maintenance organization incorporated under the laws of Wyoming.

### JURISDICTION AND VENUE

3. This court has jurisdiction over the claims asserted by the Plaintiff pursuant to 29 U.S.C. §1132(e)(1).

4. Because the WINHealth Partners employee benefit plan was administered in this district and the breach of that plan took place in this district, and because Defendant resides in this district, venue in this court is proper under 29 U.S.C. §1132(e)(2).

### STATEMENT OF FACTS

5. Plaintiff was insured under a group health insurance policy with WINHealth Partners as a qualified employee of STC Construction Company.

6. On or around August 20, 2005 Plaintiff injured his back at home. He contacted his employer, STC Construction Company, advising of the injury and stating he did not know if he could return to work. August 19, 2005 was the last day Plaintiff was employed by STC Construction Company.

7.     On August 19, 2005 Plaintiff became eligible for continued health insurance coverage (COBRA) with WINHealth Partners for a period of eighteen months after the date Plaintiff's group coverage terminated.

8.     Between August 20, 2005 and September 20, 2005 Plaintiff was provided non-operative treatment to his injury, without any relief.

9.     In September 2005 Plaintiff underwent a kyphoplasty surgical procedure to treat a vertebral compression fracture at L1.

10.    The bill for the procedure was submitted to Defendant WINHealth Partners in the amount of $41,536.49.

11.    Defendant WINHealth Partners denied the claim on the ground that WINHealth Partners did not have a "pre-existing questionnaire" filled out by Plaintiff upon his enrollment in the health benefit plan. Accordingly, Defendant WINHealth Partners is considering the vertebral compression at L1 as a pre-existing condition and refusing to pay benefits for its treatment.

12.    Plaintiff did not have a pre-existing compression fracture at L1 at the time he enrolled with the WINHealth Partners health benefits plan.

13.    Plaintiff was not provided with the "pre-existing questionnaire" Defendant WINHealth Partners is now relying upon to deny the claim.

14.    Plaintiff has incurred over $40,000 in medical expenses for which he reasonably believed he had health insurance coverage.

### PLAINTIFF'S FIRST CLAIM FOR RELIEF
### BREACH OF FIDUCIARY DUTY

15.     Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 14 above as if fully set forth herein.

16.     Defendant WINHealth Partners is a fiduciary in this action as defined by 29 U.S.C. §1002(21)(A). As a fiduciary, Defendant shall discharge its fiduciary duties to the Plaintiff as set forth in 29 U.S.C. §1104(a) as follows:

> (1) Subject to sections 1103(c) and (d), 1342, and 1344 of this title, a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and –
>
> (A) for the exclusive purpose of:
> (i)   providing benefits to participants and their beneficiaries; and
> (ii)  defraying reasonable expenses of administering the plan;
>
> (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims;

17.     Defendant breached its fiduciary duty to the Plaintiff in each of the following respects:

a.   Defendant negligently or intentionally failed to provide Plaintiff with a "pre-existing questionnaire."

b.   Defendant negligently or intentionally lost Plaintiff's pre-existing questionnaire reflecting that he did not have a pre-existing condition.

c.   Defendant negligently or intentionally failed to notify Plaintiff that his file was missing the necessary "pre-existing questionnaire" to make him eligible for health care benefits.

4

d. Defendant negligently or intentionally misrepresented that Plaintiff had health insurance coverage and thereby induced Plaintiff to undergo surgery and incur over $40,000.00 in medical expenses.

e. Defendant discharged its duties in its own interest and against Plaintiff's interests by discarding, losing or misplacing Plaintiff's "pre-existing questionnaire."

f. Defendant discharged its duties in its own interest and against Plaintiff's interests failing to timely obtain the necessary "pre-existing questionnaire" from Plaintiff.

g. Defendant discharged its duties in its own interest and against Plaintiff's sole interest by refusing to permit Plaintiff to prove he did not have a pre-existing vertebral compression at the L1 before he enrolled with the WINHealth Partners health benefit plan.

18. Accordingly, under the provisions of 29 U.S.C. § 1109 Defendant is liable for the loss of medical insurance and all other damages and losses resulting therefrom.

### PLAINTIFF'S SECOND CLAIM FOR RELIEF
### BREACH OF CONTRACT

19. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 18 above as if fully set forth herein.

20. At all times material to the facts alleged herein, Plaintiff was continuously insured under the WINHealth Partners' individual health insurance contract.

21. Defendant intentionally or negligently failed to obtain the necessary "pre-existing questionnaire" from Plaintiff.

5

22.     Alternatively, Defendant intentionally or negligently discarded or lost Plaintiff's pre-existing questionnaire.

23.     Defendant's actions as described herein constitute a total and material breach of the insurance contract entered into between Defendant and Plaintiff.

24.     Plaintiff has satisfied all duties and requirements imposed upon him by the health insurance policy and has otherwise fully performed thereunder.

25.     As a result of Defendant's material breach of contract, Plaintiff has sustained damages as set forth in Plaintiff's prayer for relief below, all of which were reasonably foreseeable by Defendant at the time it entered into a contractual obligation with Plaintiff and at the time Defendant wrongfully denied health insurance benefits to Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff prays for judgment against Defendant for all benefits due the Plaintiff under his health insurance policy, including interest and costs as allowed by law, reasonable attorney's fees as provided under 29 U.S.C. §1132(g)(1), all damages recoverable for breach of fiduciary duty under 29 U.S.C. § 1109(a), as set forth above, and all other damages and remedies allowable under 29 U.S.C. §1001 *et. seq.,* in accordance with the allegations of this Complaint.

**DATED** this _6th_ day of June, 2007.

                                                           RESPECTFULLY SUBMITTED,

                                                           RAYMOND E. LAWSON, JR.,
                                                           PLAINTIFF

BY: _____
                                                           GLENN E. SMITH
                                                           GLENN E. SMITH & ASSOCIATES
                                                           10108 Barrett Road
                                                           Cheyenne, WY 82009
                                                           Telephone: (307) 635-4912
                                                           Telefacsimile: (307) 635-8738